Date signed March 24, 2006



```
                                                  _____
                                                         PAUL MANNES
            UNITED STATES BANKRUPTCY COURT         U. S. BANKRUPTCY JUDGE
                  FOR THE DISTRICT OF MARYLAND
                            at Greenbelt
```

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| LYNNHILL CONDOMINIUM | : | Case No. 05-38059PM |
|         Debtor | : | Chapter 11 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| CHADWICK, WASHINGTON, | : | |
|   MORIARTY, ELMORE & BUNN, P.C. | : | |
|         Movant | : | |
|       vs. | : | |
| LYNHILL CONDOMINIUM | : | |
|         Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

      Before the court is the Motion of the law firm of Chadwick, Washington, Moriarty, Elmore & Bunn, P.C. ("Chadwick"), seeking relief from the stay of 11 U.S.C. § 362(a). Chadwick seeks an order of the court allowing it to set off against funds in its possession belonging to the Debtor its claim for professional services rendered the Debtor in connection with a foreclosure proceeding and expenses incurred in connection therewith. These services were rendered prior to the filing of this bankruptcy case. After the hearing on the Motion, Chadwick made an oral motion to reduce to $4,251.18 the amount of its claim that it seeks to set off.

      This case was filed on October 13, 2005. No one advised Chadwick of the filing of the case until the first week in January, at the time of the settlement of the August 5, 2005, foreclosure sale. Chadwick continued to represent the Debtor after the filing of this bankruptcy case under Chapter 11 with respect to the day-to-day affairs of the condominium association. Debtor's original bankruptcy counsel was replaced, and replacement counsel filed a motion to

employ another law firm in place of Chadwick.

The Motion, as modified, was consented to by the Debtor. No creditor opposed the Motion.  But the office of the United States Trustee appeared in court at the hearing on the Motion in opposition to any compensation.  One position of the United States Trustee is that the Movant cannot recover for any post-filing actions, not having been retained by the Debtor.  The Movant does not take issue with this proposition.  The United States Trustee also argues that the Movant is not entitled to a Maryland attorney's lien on the proceeds now in its possession, because these funds do not fall within the category of recovering money as a result of a settlement judgment or award that the Debtor received as a result of legal services performed.  *See* Md. Code Ann. Bus. Occ & Prof. § 10-501(a) (2004).

While this issue is one that could only be settled with absolute certainty by the Court of Appeals of Maryland following certification of this cause to it, the court is guided by the language of the Court of Appeals in the case of *Consolidated Construction Services, Inc. v. Simpson*, 813 A.2d 260, 273-79 (Md. 2002).  In *Simpson*, the Court of Appeals strictly construed the statute as it was then written and held a lien did not attach to funds obtained by settlement.  In response to *Simpson*, the Maryland Legislature amended this statute in 2002 by adding settlements as possible triggering events for a lien.  The court reaffirmed its position that charging liens, such as the lien asserted here, were created for the purpose of securing an attorney's interest in funds received.  Here, the work had been accomplished by Chadwick long prior to the filing of the bankruptcy case under Chapter 11.  At the time of filing, it was holding the deposit made by the successful purchaser that was in an amount in excess of what was sought here.

The court views this case in the light of *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995), as authorizing the creditor here to freeze these funds pending the resolution of the right of setoff asserted.  The court finds that the foreclosure of the condominium lien asserted, and its subsequent approval by the Circuit Court, was a final judgment authorizing the imposition of the lien.  An appropriate order will be entered.

cc:
Elizabeth L. Hileman, Esq., 7979 Old Georgetown Road, Suite 600, Bethesda, MD 20814
John D. Burns, Esq., 6303 Ivy Lane, Suite 102, Greenbelt, MD 20770
United States Trustee, Attn: Lynn A. Kohen, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**