Date signed January 25, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LYNNHILL CONDOMINIUM | : | Case No. 05-38059PM |
| ASSOCIATION | : | Chapter 11 |
| | : | |
| Debtor | : | |

**MEMORANDUM**

This case is before the court on the Third Application of P. Michael Nagle, Craig B. Zaller and Nagle & Zaller, P.C. (sometimes collectively the "Applicant"), Special Counsel to the Debtor, for compensation for services rendered for the period May 1, 2007, through October 31, 2007. Counsel seeks allowance of fees in the sum of $138,981.00 and reimbursement of expenses of $16,222.33. The court received a letter from Patsy Stewart, the owner of four units held as an investment, objecting to the Third Application. Her objection is based upon perceived collection abuse by agents of Lynnhill Condominium of her accounts, and she urges that the requested amount of compensation be placed in some sort of escrow account or that a bond be posted by the firm.

At the hearing, the court heard the testimony of attorneys Scott J. Silverman and Craig B. Zeller, Monte Greenbaum of Greentree Management LLC, the property manager for the Debtor whose employment was authorized by this court's Order entered May 21, 2007, and Patsy Stewart. Her four units, three of which are titled in the name of Patsy Williams-Stewart, were acquired by her on January 20, 1997, July 8, 1999, June 9, 2004, and October 24, 2005. As

explained by Ms. Stewart, the units were acquired for the purpose of providing supplemental income. The court notes that even after the time the Pride Law Office wrote on her behalf on July 12, 2004, complaining of various collection abuses, Ms. Stewart purchased another unit.

The Debtor's Status Report dated January 17, 2008, was received in evidence, as well as four exhibits offered by Ms. Stewart consisting of (1) an Opinion and Order of the District Court of Maryland for Prince George's County dated March 13, 2007; (2) letters dated July 12, 2004, September 24, 2007, and September 14, 2007, from her attorneys, admitted for the purpose of showing her opposition to the amounts claimed by the Debtor as being due, but not for their contents, and her Notice of Intention to Defend an action in the District Court of Maryland for Prince George's County filed on behalf of the Debtor by the Applicant; (3) payment record of the Debtor; and (4) a request for information sent by Ms. Stewart to the Debtor's counsel and the records supplied by the Debtor in response.

In the course of her testimony, Ms. Stewart requested that this court order an investigation of the records and practices of the Debtor. The one thing that all parties agree upon is that before Mr. Greenbaum came on board, the Debtor's records of receipts and charges to the residents of Lynnhill Condominium were in considerable disarray. The condition of the records following Mr. Greenbaum's employment is in dispute, but, at least as to Ms. Stewart's accounts, that issue will be resolved in the District Court action that is the subject of Ms. Stewart's Notice of Intention to Defend (Ex. #2). The court will not act on its own to order an investigation inasmuch as that puts this court in the party of prosecutor and judge in the same proceeding. The proper moving party for such action in a case under Chapter 11 is the Office of the United States Trustee acting pursuant to its responsibility found in 28 U.S.C. § 586(a)(3).

The court has examined the Third Application, and in particular the time records for the period of the Application from May through October, 2007. The work of counsel falls into two categories, the first being the collection of outstanding sums due from the unit owners, and the second being the business of managing Lynnhill Condominium and responding to governmental inquiries. While the testimony attributed the largest part of the time spent on non-collection matters, the time records do not seem to bear this out. The court would be helped by compliance with Paragraph C of the Compensation Guidelines for Professionals that is attached as Appendix C of the Local Rules of this court. In particular, entries should be organized by tasks. Another source of confusion for the court is the reference to "Hours" in the bill. For example, in the Invoice dated August 2, 2007, one individual is said to have spent 30 hours working on this case

on July 23, 2007. In addition, time appears to be missing, *i.e.*, while compensation is requested for 73.5 hours of Scott Silverman's time, only slightly more than half of that time is reflected on the bills.

Therefore, the court will not rule on the Third Application without clarification of the matters discussed above.

cc:
Patsy Stewart, 1400 Shady Glen Drive, District Heights, MD 20747
John D. Burns, Esq., 6303 Ivy Lane, Suite 102, Greenbelt, MD 20770
Nagle & Zaller, P.C., 7226 Lee DeForest Drive, Suite 102, Columbia, MD 21046
Office of the United States Trustee, 6305 Ivy Lane, #600, Greenbelt, MD 20770

**End of Memorandum**